IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAWN STANLEY GILREATH,<br>BOP ID # 47555-019,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HABEAS CORPUS<br>28 U.S.C. § 2241<br><br>CIVIL ACTION FILE NO.<br>1:18-CV-5057-ODE-JKL<br><br>CRIMINAL ACTION NO.<br>1:96-CR-0472-ODE-JKL |

## **FINAL REPORT AND RECOMMENDATION**

Movant filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the Ninth Circuit Court of Appeals.  [Doc. 385.]  The Ninth Circuit construed the petition

as a motion to correct, vacate, and/or set-aside pursuant to 28 U.S.C. § 2255.  [Doc. 384.]  Although Petitioner styles his action as being brought under § 2241, it is apparent that he seeks relief that is cognizable under § 2255.

By judgment entered July 15, 1998, Petitioner was convicted in this Court for attempted armed bank robbery with kidnapping pursuant to 18 U.S.C. § 2113(a)(d) and (e) and use of a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c).  Petitioner previously filed a § 2255 motion in 2007, which was denied as untimely.  [Docs. 282, 313, 318.]  Petitioner filed a second § 2255

motion in 2011 and 2012, which was denied on the basis that it was successive. [Docs. 335, 338, 351, 356.] Petitioner filed a third § 2255 motion in 2018 that was also denied as successive. [Doc. 376, 378, 382.]

In his current petition, Petitioner again challenges his conviction arguing that his conviction under 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague.[1] Movant may not file a second or successive § 2255 motion without first obtaining permission to do so from the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 2255(h). Without such prior authorization, this Court "lacks jurisdiction to consider a second or successive motion." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Movant has not sought permission to file the present motion. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** for lack of jurisdiction.

---

[1] The undersigned notes that while the residual clauses of § 16(b) and § 924(c)(3)(B) use identical language, Petitioner's conviction for attempted armed robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, which has not been called into question by *Dimaya*. *See In re Hines*, 824 F.3d 1334, 1336-37 (11th Cir. 2016) (holding that armed bank robbery under 18 U.S.C. § 2331(a) and (d) "clearly meets the requirement" for a crime of violence under the "use-of-force" clause in § 924(c)).

In the absence of subject-matter jurisdiction, 28 U.S.C. § 2253(c) does not apply to this case, and the undersigned offers no recommendation regarding a Certificate of Appealability.  *See Walker v. United States*, 367 F. App'x 67, 68-69 (11th Cir. 2010) (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED** this 6th day of November, 2018.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE